IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES MCCONICO, JR., # 117395,** | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 25-00119-JB-B |
| **WARDEN KENNETH PETERS,**[1] | * |
| Respondent. | * |

**ORDER**

Petitioner James McConico, Jr. ("McConico"), an Alabama prison inmate proceeding without an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama.[2] (Doc. 1). McConico also filed a motion to proceed without prepayment of fees. (Docs. 2). This action was subsequently transferred to the United

---

[1] McConico's petition names several Respondents, but the only proper Respondent is McConico's current custodian—the warden of the facility where McConico is confined. See Rules Governing § 2254 Cases, R. 2(a) (applicable to § 2241 cases); Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Thus, Kenneth Peters, the Warden of Fountain Correctional Facility, is the proper Respondent in this case. (See Doc. 4 at 2-3). The Clerk is **DIRECTED** to substitute Warden Kenneth Peters as the Respondent in this case, and to terminate all other Respondents.

[2] Because McConico does not challenge his conviction or sentence but rather his detention based on alleged criminal activity for which he had not been charged, it appears that his petition is properly construed as seeking habeas relief pursuant to 28 U.S.C. § 2241. See Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) (explaining that 28 U.S.C. § 2254 "applies only to post-trial situations").

States District Court for the Southern District of Alabama. (See Docs. 4, 7, 8).

A review of McConico's petition reflects that it is not on the form required by this Court for a § 2241 habeas petition. (See Doc. 1). Accordingly, if he wishes to proceed with this action, McConico is **ORDERED** to file an amended petition on or before **June 16, 2025,** using the form required by this Court for a § 2241 habeas petition. McConico must fully complete all applicable sections of the petition form and must provide only the information requested in each section of the form. If additional pages are needed to fully complete any section of the petition form, those pages must strictly follow the format set forth in the petition form.

Additionally, a review of McConico's motion to proceed without prepayment of fees reveals that he appears to have had sufficient funds in his inmate account to pay the $5.00 habeas filing fee when he filed this action. (See Doc. 2 at 3). McConico's account statement reflects gross deposits of at least $100 per month in the year preceding the filing of his petition. Although McConico depleted his balance shortly before commencing this action, his account balance of $7.67 was still sufficient to pay the $5.00 habeas filing fee for this case. Accordingly, McConico's motion to proceed without prepayment of fees (Doc. 2) is **DENIED**. McConico is **ORDERED** to pay the **$5.00** filing fee for

this habeas action on or before **June 16, 2025,** which he may do by remitting to the Clerk of the United States District Court for the Southern District of Alabama, by **June 16, 2025,** a money order for **$5.00** made payable to "Christopher Ekman, Clerk."

McConico is **<u>cautioned</u>** that failure to fully comply with this order within the prescribed time, or failure to immediately notify the Court in writing of any change in his address, will subject this action to dismissal for failure to prosecute and failure to obey the Court's order.

The Clerk is **DIRECTED** to mail to McConico a copy of his original petition (Doc. 1) for his reference, along with this Court's standard § 2241 habeas petition form for his use.

**DONE** this **15th** day of **May, 2025.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**